FILED

19 JUN 27 PM 4: 32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: `˥S` DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **19 CR 2439 WQH** |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy; Title 42, U.S.C., Sec. 6928(d)(1) – Illegal Transportation of Hazardous Waste; Title 42, U.S.C., Sec. 6928(d)(5)– Transportation of Hazardous Waste Without a Manifest; Title 18, U.S.C., Sec. 2 – Aiding and Abetting |
| WELLGREENSCA, INC. (1), LUNAR LOUSSIA (2), NADIA MALLOIAN (3), | |
| Defendants. | |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

1.   The Resource Conservation and Recovery Act ("RCRA") was enacted in 1976 to insure that all hazardous waste generated in the United States was managed in a manner that would minimize the threat to human health and the environment.  42 USC § 6902(b).

2.   At all times relevant herein, under the authority provided by RCRA, the Environmental Protection Agency ("EPA") established a cradle to grave tracking system for tracking hazardous waste.  EPA regulations require generators of hazardous waste to prepare a hazardous waste

MKP:nlv:San Diego:6/26/19

manifest to transport hazardous waste from their site. A hazardous waste manifest is a form used for identifying the quantity, composition, and the origin, routing, and destination of hazardous waste during its transportation from the point of generation to the point of disposal, treatment, or storage. 42 USC § 6903(12). The manifest form is in triplicate, and is to be signed by the generator, transporter and disposal site, as the waste progresses throughout its journey. When the waste reaches its final destination, a copy of the completed manifest is to be sent to both the generator and the regulatory authorities to demonstrate that the waste was properly managed. EPA regulations require that the EPA identification numbers of the generator, transporter and disposal site appear on the manifest.

3.   At all times relevant herein, EPA regulations required that all sites where hazardous waste is disposed of must have a valid permit for such activity.

4.   At all times relevant herein, defendant WELLGREENSCA, INC. ("Wellgreens") was engaged in the business of extracting oils from cannabis at a location on Trade Street in San Diego, California. As part of the manufacturing process, Wellgreens generated various wastes, including 55-gallon drums of waste ethanol. The waste ethanol generated by Wellgreens was a federally regulated hazardous waste that exhibited the characteristic of ignitability, because it had a flashpoint of less than 140 degrees Fahrenheit.

5.   At all times relevant herein, defendant LUNAR LOUSSIA was one of the owners of Wellgreens, and was present at the site on a regular basis to oversee the facility.

6.   At all times relevant herein, defendant NADIA MALLOIAN was an administrator at Wellgreens, and was present at the site on a daily basis to facilitate day-to-day operations.

## Count 1

### Conspiracy (18 USC §371)

7.   Paragraphs 1 through 6 of the Introductory Allegations are incorporated as if set forth in full herein.

8.   Beginning on or about at least as early as November of 2017 and continuing up to and including on or about June 8, 2018, within the Southern District of California, defendants WELLGREENSCA, INC., LUNAR LOUSSIA and NADIA MALLOIAN did conspire and agree together and with R.U. and others to commit offenses against the laws of the United States, to wit:

   a.   To knowingly transport a hazardous waste to an unpermitted site, in violation of Title 42, United States Code, Section 6928(d)(1); and

   b.   To knowingly transport or cause to be transported hazardous waste without a manifest, where regulations required a manifest, in violation of Title 42, United States Code, Section 6928(d)(5).

9.   As a method and means of the conspiracy, the defendants telephoned R.U. (deceased), a refuse hauler not licensed to transport hazardous waste, and requested that he come to their facility to remove waste, including drums of spent ethanol. Defendants paid R.U. and his assistants in cash for the disposal of the drums, in an amount approximately half the cost of lawful disposal. No invoices, manifests, receipts or other paperwork associated with these transactions was prepared by any party.

1      10.  In furtherance of said conspiracy, the following overt acts,

2  among others, were committed within the Southern District of California:

3      a.  On or about December 26, 2017, defendant NADIA MALLOIAN

4  rented a Penske truck used to conceal drums of waste ethanol from

5  inspectors.

6      b.  On or about January 10, 2018, defendant NADIA MALLOIAN

7  telephoned R.U.

8      c.  On or about January 30, 2018, in response to a request

9  for information about the disposal of the hazardous waste generated at

10  the facility, defendant LUNAR LOUSSIA sent an email stating "I'll handle

11  today."

12      d.  On or about February 6 and 7, 2018, an employee of

13  defendant WELLGREENSCA, INC., telephoned R.U.

14      e.  On or about February 7, 2018, co-conspirators transported

15  3 drums of waste ethanol from the Wellgreens facility on Trade Street

16  in San Diego and dumped them at Hill Street in El Cajon, without a

17  hazardous waste manifest.

18      f.  On or about February 13, 2019, co-conspirators

19  transported 10 drums of waste ethanol from the Wellgreens facility on

20  Trade Street in San Diego and dumped them at the intersection of

21  California state routes 52 and 125, without a hazardous waste manifest.

22      g.  On or about March 23, 2018, defendant NADIA MALLIOAN

23  telephoned R.U.

24      h.  On or about April 30, 2018, defendant NADIA MALLIOAN

25  telephoned R.U.

26      i.  On or about May 1, 2018, co-conspirators transported

27  4 drums of waste ethanol from the Wellgreens facility on Trade Street

28

1 | in San Diego and dumped them at the intersection of California state
2 | routes 52 and 125, without a hazardous waste manifest.
3 |          j.   On or about May 4, 2018, co-conspirators transported
4 | 4 drums of waste ethanol from the Wellgreens facility on Trade Street
5 | in San Diego to Jamacha Road in El Cajon, without a hazardous waste
6 | manifest.
7 |          k.   On or about May 17, 2018, co-conspirators transported
8 | 4 drums of waste ethanol from the Wellgreens facility on Trade Street
9 | in San Diego to Avocado Avenue in El Cajon, without a hazardous waste
10 | manifest.
11 |          l.   On or about June 8, 2018, co-conspirators transported
12 | 3 drums of waste ethanol from the Wellgreens facility on Trade Street
13 | in San Diego to Logan Avenue in San Diego, without a hazardous waste
14 | manifest.
15 | All in violation of Title 18, United States Code, Section 371.

### Counts 2-6

### Illegal Transportation of Hazardous Waste

### (42 USC §6928(d)(1)

19 | 11.   Paragraphs 1 through 6 of the Introductory Allegations are
20 | incorporated as if set forth in full herein.
21 | 12.   On or about the dates set forth below in Column B, defendants
22 | WELLGREENSCA, INC., LUNAR LOUSSIA and NADIA MALLOIAN did knowingly
23 | transport and cause to be transported hazardous waste, to wit, drums of
24 | waste ethanol having the characteristic of ignitability, set forth below
25 | in Column C, to a facility without a permit under this subchapter, as
26 | described below in Column D:
27 | //
28 | //

5

| Count (A) | Date (B) | # of drums (C) | Location (D) |
|-----------|----------|----------------|--------------|
| 2 | 2-7-18 | 3 | 1350 Hill Street, El Cajon |
| 3 | 5-1-18 | 4 | Intersection of SR 125 and SR 52 |
| 4 | 5-4-18 | 4 | 171 Jamacha Road, El Cajon |
| 5 | 5-17-18 | 4 | 1201 Avocado Avenue, El Cajon |
| 6 | 6-8-18 | 3 | 5075 Logan Avenue, San Diego |

All in violation of Title 42, United States Code, Section 6928(d)(1),
and Title 18, United States Code, Section 2.

### Counts 7-11

### Transportation of Hazardous Waste Without a Manifest

### (42 USC §6928(d)(5))

13.   Paragraphs 1 through 6 of the Introductory Allegations are
incorporated as if set forth in full herein.

14.   On or about the dates set forth below in Column B, defendants
WELLGREENSCA, INC., LUNAR LOUSSIA and NADIA MALLOIAN did knowingly
transport and cause to be transported hazardous waste, to wit, drums of
waste ethanol having the characteristic of ignitability, set forth below
in Column C, without a manifest, which were required by regulation to
be transported with a manifest:

//

//

//

//

//

//

//

| Count (A) | Date (B) | # of drums (C) |
|-----------|----------|----------------|
| 7 | 2-7-18 | 3 |
| 8 | 5-1-18 | 4 |
| 9 | 5-4-18 | 4 |
| 10 | 5-17-18 | 4 |
| 11 | 6-8-18 | 3 |

All in violation of Title 42, United States Code, Section 6928(d)(5), and Title 18, United States Code, Section 2.

DATED:   June 27, 2019.

A TRUE BILL:

_____
Foreperson

ROBERT S. BREWER, JR.
United States Attorney

By: _____
MELANIE K. PIERSON
Assistant U.S. Attorney

7